FILED
5/7/2025 4:29 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

STATE OF ILLINOIS )
) ss
COUNTY OF LAKE )

IN THE NINETEENTH JUDICIAL CIRCUIT COURT
LAKE COUNTY, ILLINOIS

PATRICIA VASQUEZ, Plaintiff,

v.

HOME DEPOT U.S.A., INC., d/b/a The Home Depot, Defendant.

Case No.: 2025LA00000393

NOTICE
PURSUANT TO LCR - 2-2.14
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE IN COURTROOM ________ ON ________ AT ________ A.M./P.M.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, PATRICIA VASQUEZ, by and through her attorneys, Salvi & Maher, LLP, and complaining of the Defendant, HOME DEPOT U.S.A., INC., d/b/a The Home Depot, states as follows:

COUNT I
NEGLIGENCE

1. That on May 26, 2023, and at all times material hereto, the Defendant, HOME DEPOT U.S.A., INC., d/b/a The Home Depot (hereinafter "The Home Depot"), owned, maintained, operated, managed, controlled, and/or possessed a certain home improvement store commonly known as The Home Depot (Store # 1944) located at 2731 Hartigan Road in the Village of Ingleside, County of Lake, and State of Illinois (hereinafter the "premises").
2. That on May 26, 2023, the Plaintiff, PATRICIA VASQUEZ, was lawfully upon the premises as a customer of the Defendant, The Home Depot.
3. That on May 26, 2023, the Plaintiff, PATRICIA VASQUEZ, was walking in a main aisle at or near the paint section of the premises when she slipped and fell due to a puddle of water that

had collected on the floor near a temporary, movable shelving unit placed within the aisle to market wet plants and/or flowers to the public.

4. That at the time of the fall, there were no agents or employees of the Defendant, The Home Depot, who were actively watering plants and/or flowers within the near vicinity.

5. That on May 26, 2023, and at all times material hereto, there were no rugs or non-slip walking surfaces on the floor to keep the floor from becoming slippery when water dripped from the plants and/or flowers.

6. That on May 26, 2023, and at all times material hereto, the Defendant, The Home Depot, individually and through its agents and employees, had a duty to exercise ordinary care in the ownership, control, maintenance, and use of the premises so that its customers, including the Plaintiff, PATRICIA VASQUEZ, were not injured.

7. That on May 26, 2023, and at all times material hereto, the Defendant, The Home Depot, individually and through its agents and employees, breached its aforesaid duty to the Plaintiff, PATRICIA VASQUEZ, and was guilty of one or more of the following negligent acts and/or omissions:

   a. Marketed plants and/or flowers to the public in a central area of ingress and egress in a manner that would foreseeably result in water accumulating on the floor from the plants and/or flowers displayed for sale as they were lifted from the containers in which they were displayed;
   b. Marketed plants and/or flowers to the public in a central area of ingress and egress after watering said plants and/or flowers;
   c. Failed to utilize proper shelving, pots, and/or plant basins for holding plants and/or flowers to be marketed in a public area such as the central area of ingress and egress where the Plaintiff, PATRICIA VASQUEZ, was walking;
   d. Failed to make adequate and proper inspection of the premises to determine the dangerous condition near the plants and/or flowers at issue;
   e. Failed to properly warn persons walking upon the premises, including the Plaintiff, PATRICIA VASQUEZ, of the hazardous and dangerous condition of the puddles of water developing over time on the floor although the Defendant, The Home Depot, knew or should have known that said failure was likely to result in injury to persons walking upon the premises, including the Plaintiff, PATRICIA VASQUEZ;

f. Failed to place barricades or cordon off the area around the puddle of water on the floor although the Defendant, The Home Depot, knew or should have known that said failure was likely to result in injury to persons walking upon the premises, including the Plaintiff, PATRICIA VASQUEZ;
g. Failed to place non-slip walking surfaces on the floor to keep the floor from becoming slippery when water dripped from the plants and/or flowers.
h. Allowed and/or caused water to fall onto the floor when storing, watering, and/or moving the plants and/or flowers.
i. Failed to remove water that had accumulated on the floor, although the Defendant, The Home Depot, knew or should have known of the dangerous condition.
j. Failed to provide a safe walkway for customers including Plaintiff, PATRICIA VASQUEZ; and
k. Otherwise negligently managed, maintained, operated, and/or controlled the premises.

8. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, The Home Depot, the Plaintiff, PATRICIA VASQUEZ, slipped and fell due to the wet condition then and there present upon the floor at the premises.

9. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, The Home Depot, the Plaintiff, PATRICIA VASQUEZ, suffered severe, permanent injuries of a personal and pecuniary nature, including but not limited to the reasonable expense of necessary past and future medical care and services, past and future pain and suffering, past and future loss of a normal life, past and future disability, past and future emotional distress, past and future disfigurement, and an increased risk of future harm.

WHEREFORE, the Plaintiff, PATRICIA VASQUEZ, demands judgment against the Defendant, The Home Depot, for a sum in excess of fifty-thousand dollars ($50,000.00), the jurisdictional limits of the Law Division of the Circuit Court of Lake County, Illinois, and for any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

Attorney for Plaintiff

Michael E. Maher (ARDC No. 6191618)
SALVI & MAHER, LLP
950 Technology Way, Suite 120
Libertyville, Illinois 60048
Phone: (847) 662-3303
Fax: (847) 662-3453
Email: mmaher@salvimaher.com
aole@salvimaher.com

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

**STATE OF ILLINOIS,**
**CIRCUIT COURT**
Lake **COUNTY**

# APPEARANCE

*For Court Use Only*

**Instructions ▾**

Directly above, enter the name of the county where the case was filed.

PATRICIA VASQUEZ,
**Plaintiff / Petitioner** *(First, middle, last name or Company)*

Enter the name of the person or company that filed this case as Plaintiff/Petitioner.

v.

Enter the name of the Defendant/Respondent.

HOME DEPOT U.S.A., INC.d/b/a THE HOME DEPOT,
**Defendant / Respondent** *(First, middle, last name)*

Enter the Case Number given by the Circuit Clerk.

2025 LA 00000393
**Case Number**

In **1**, enter your full name, and check the box next to "Myself," if you are not an attorney. If you are an attorney, enter the name of your client in **1**, check the box next to "Their attorney," and enter your attorney or firm name in the

**1. The appearance of** HOME DEPOT U.S.A., INC. **is entered in this case by:**
*First Middle Last*

☐ Myself
☑ Their attorney: PARSKY & GALLOWAY, LLC
*Attorney or Firm Name*

In **2**, check only one box to ask for a trial with only a judge or a trial with a judge and jury. You do not have a right to a jury trial in every case.

**2. I would like a trial with:**

☐ a judge
☑ a judge and jury

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**I certify that everything above is true and correct. I understand that making a false statement on this form is perjury and has penalties provided by law under 735 ILCS5/1-109.**

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

/s/ Noel B. Haberek
*Your Signature*

120 North LaSalle Street, Suite 3200
*Street Address*

Noel B. Haberek
*Your Name*

Chicago, IL 60602
*City, State, ZIP*

Enter your complete address, telephone number, and email address, if you have one.

(312) 551-2130
*Telephone*

nbh@pg-lawoffice.com
*Email*

If you are an attorney, enter your firm name and attorney number.

PARSKY & GALLOWAY, LLC
*Firm Name*

ARDC #6203567
*Attorney # (if any)*

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

Enter the Case Number given by the Circuit Clerk: 2025 LA 00000393

## PROOF OF DELIVERY

In **1a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information.

In **1b**, check the box to show how you are sending the document.

**CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the other options.

In **c**, fill in the date and time that you are sending the document.

**1.** I am sending the *Appearance*

a. To:

Name: Michael (*First*) E. (*Middle*) Maher (*Last*)

Address: 950 Technology Way, Suite 120 (*Street, Apt #*) Libertyville (*City*) IL (*State*) 60048 (*ZIP*)

Email address: mmaher@salvimaher.com

b. By:

☐ An approved electronic filing service provider (EFSP)

☑ Email *(not through an EFSP)*

*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

☐ Personal hand delivery to:

- ☐ The party
- ☐ The party's family member who is 13 or older, at the party's residence
- ☐ The party's lawyer
- ☐ The party's lawyer's office

☐ Mail or third-party carrier

c. On: ________ (*Date*) at: ________ (*Time*) ☐ a.m. ☐ p.m.

In **2**, if you are sending the document to more than 1 party or lawyer, fill in **a**, **b**, and **c**. Otherwise leave **2** blank.

In **2a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information.

In **2b**, check the box to show how you are sending the document.

**CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the other options.

In **c**, fill in the date and time that you are sending the document.

**2.** I am sending the *Appearance*

a. To:

Name: ________ *First* *Middle* *Last*

Address: ________ *Street, Apt #* *City* *State* *ZIP*

Email address: ________

b. By:

☐ An approved electronic filing service provider (EFSP)

☐ Email *(not through an EFSP)*

*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

☐ Personal hand delivery to:

- ☐ The party
- ☐ The party's family member who is 13 or older, at the party's residence
- ☐ The party's lawyer
- ☐ The party's lawyer's office

☐ Mail or third-party carrier

c. On: ________ (*Date*) at: ________ (*Time*) ☐ a.m. ☐ p.m.

Enter the Case Number given by the Circuit Clerk: 2025 LA 00000393

| | |
|---|---|
| If you are sending your document to more than 2 parties or lawyers, check the box and file the *Additional Proof of Delivery* with this form. | ☐ I have completed an *Additional Proof of Delivery* form. |

| | |
|---|---|
| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | **I certify that everything in the *Proof of Delivery* is true and correct. I understand that a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.** |
| If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name. | /s/ Noel B. Haberek — *Your Signature*<br>Noel B. Haberek — *Print Your Name* |
| Enter your complete address, telephone number, and email address, if you have one. | 120 North LaSalle Street, Suite 3200 — *Street Address*<br>Chicago, IL 60602 — *City, State, ZIP*<br>(312) 551-2130 — *Telephone*<br>nbh@pg-lawoffice.com — *Email* |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.



Print Form Save Form Reset Form

**IN THE NINETEENTH JUDICIAL CIRCUIT COURT**
**LAKE COUNTY, ILLINOIS**

| | | |
|---|---|---|
| PATRICIA VASQUEZ,<br><br>Plaintiff, | ) | |
| v. | ) | Case No. 2025 LA 00000393 |
| HOME DEPOT U.S.A., INC., d/b/a THE HOME DEPOT,<br><br>Defendant. | ) | |

**JURY DEMAND**

**HOME DEPOT, U.S.A., INC.** Defendant in this matter**,** hereby demands trial by 12-man jury.

*/s/ Noel B. Haberek*
Noel B. Haberek

**PARSKY & GALLOWAY, LLC**
120 N. LaSalle Street, Suite 3200
Chicago, Illinois 60602
Ph.: 312-551-2130
Fax: 312/551-2131
Email:

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

*/s/ Noel B. Haberek*
Attorney for Defendant

**IN THE NINETEENTH JUDICIAL CIRCUIT COURT**
**LAKE COUNTY, ILLINOIS**

| | | |
|---|---|---|
| PATRICIA VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., d/b/a<br>THE HOME DEPOT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2025 LA 00000393 |

**ANSWER OF HOME DEPOT U.S.A. INC. TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES the Defendant HOME DEPOT U.S.A. Inc. by and through its attorneys PARSKY & GALLOWAY, LLC and in answer to the Plaintiff's Complaint at Law states as follows:

**COUNT I NEGLIGENCE**

1. That on May 26, 2023, and at all times material hereto, the Defendant, HOME DEPOT U.S.A., INC., d/b/a The Home Depot (hereinafter "The Home Depot"), owned, maintained, operated, managed, controlled, and/or possessed a certain home improvement store commonly known as The Home Depot (Store# 1944) located at 2731 Hartigan Road in the Village of lngleside, County of Lake, and State of Illinois (hereinafter the "premises").

**ANSWER: Defendant Home Depot U.S.A., Inc. states that it owned the store but denies the remaining vague allegations contained in paragraph 1 of the plaintiff's Complaint at Law.**

2. That on May 26, 2023, the Plaintiff, PATRICIA VASQUEZ, was lawfully upon the premises as a customer of the Defendant, The Horne Depot.

**ANSWER: Defendant Home Depot U.S.A., Inc. admits the allegations contained in paragraph 2 of the plaintiff's Complaint at Law.**

3. That on May 26, 2023, the Plaintiff, PATRICIA VASQUEZ, was walking in a main aisle at or near the paint section of the premises when she slipped and fell due to a puddle of water that had collected on the floor near a temporary, movable shelving unit placed within the aisle to market wet plants and/or flowers to the public.

**ANSWER: Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 3 of the plaintiff's Complaint at Law.**

4. That at the time of the fall, there were no agents or employees of the Defendant, The Home Depot, who were actively watering plants and/or flowers within the near vicinity.

**ANSWER: Defendant Home Depot U.S.A., Inc. neither admits nor denies the allegations contained in paragraph 4 of the plaintiff's Complaint at Law due to insufficient information.**

5. That on May 26, 2023, and at all times material hereto, there were no rugs or non-slip walking surfaces on the floor to keep the floor from becoming slippery when water dripped from the plants and/or flowers.

**ANSWER: Defendant Home Depot U.S.A., Inc. neither admits nor denies the allegations contained in paragraph 5 of the plaintiff's Complaint at Law due to insufficient information.**

6. That on May 26, 2023, and at all times material hereto, the Defendant, The Home Depot, individually and through its agents and employees, had a duty to exercise ordinary care in the ownership, control, maintenance, and use of the premises so that its customers, including the Plaintiff, PATRICIA VASQUEZ, were not injured.

**ANSWER: Defendant Home Depot U.S.A., Inc. admits those duties imposed upon it by law but states that the plaintiff has incorrectly stated those duties and therefore denies the allegations contained in paragraph 6 of plaintiff's Complaint at Law.**

7. That on May 26, 2023, and at all times material hereto, the Defendant The Home Depot, individually and through its agents and employees, breached its aforesaid duty to the Plaintiff, PATRICIA VASQUEZ, and was guilty of one or more of the following negligent acts and/or omissions:

a. Marketed plants and/or flowers to the public in a central area of ingress and egress in a manner that would foreseeably result in water accumulating on the floor from the plants and/or flowers displayed for sale as they were lifted from the containers in which they were displayed;

b. Marketed plants and/or flowers to the public in a central area of ingress and egress after watering said plants and/or flowers;

c. Failed to utilize proper shelving, pots, and/or plant basins for holding plants and/or flowers to be marketed in a public area such as the central area of ingress and egress where the Plaintiff, PATRICIA VASQUEZ, was walking;

d. Failed to make adequate and proper inspection of the premises to determine the dangerous condition near the plants and/or flowers at issue;

e. Failed to properly warn persons walking upon the premises, including the Plaintiff, PATRICIA VASQUEZ, of the hazardous and ·dangerous condition of the puddles of water developing over time on the floor although the Defendant, The Home Depot, knew or should have known that said failure was likely to result in injury to persons walking upon the premises, including the Plaintiff, PATRICIA VASQUEZ;

f. Failed to place barricades or cordon off the area around the puddle of water on the floor although the Defendant, The Home Depot, knew or should have known that said failure was likely to result in injury to persons walking upon the premises, including the Plaintiff, PATRICIA VASQUEZ;

g. Failed to place non-slip walking surfaces on the floor to keep the floor from becoming slippery when water dripped from the plants and/or flowers.

h. Allowed and/or caused water to fall onto the floor when storing, watering, and/or moving the plants and/or flowers.

i. Failed to remove water that had accumulated on the floor, although the Defendant, The Home Depot, knew or should have known of the dangerous condition.

j. Failed to provide a safe walkway for customers including Plaintiff, PATRICIA VASQUEZ; and

k. Otherwise negligently managed, maintained, operated, and/or controlled the premises.

**ANSWER: Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 7 and sub-paragraphs a through k of the plaintiff's Complaint at Law.**

8. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, The Home Depot, the Plaintiff, PATRICIA VASQUEZ, slipped and fell due to the wet condition then and there present upon the floor at the premises.

**ANSWER: Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 8 of the plaintiff's Complaint at Law.**

9. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, The Home Depot, the Plaintiff, PATRICIA VASQUEZ, suffered severe, permanent injuries of a personal and pecuniary nature, including but not limited to the reasonable expense of necessary past and future medical care and services, past and future pain and suffering, past and future loss of a normal life, past and future disability, past and future emotional distress, past and future disfigurement, and an increased risk of future harm.

**ANSWER: Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 9 of the plaintiff's Complaint at Law.**

WHEREFORE Defendant HOME DEPOT U.S.A. INC, prays that this court enter judgment be entered in its favor and against Plaintiff, PATRICIA VASQUEZ and to dismiss the Plaintiff's Complaint at Law with prejudice and costs.

Respectfully submitted,
HOME DEPOT U.S.A., INC.

BY: *__/s/Noel B. Haberek*
Noel B. Haberek (ARDC #6203567)
One of Its Attorneys

PARSKY & GALLOWAY, LLC
120 North LaSalle Street
Suite 3200
Chicago, Illinois 60602
(312) 551-2130
nbh@pg-lawoffice.com

**IN THE NINETEENTH JUDICIAL CIRCUIT COURT**
**LAKE COUNTY, ILLINOIS**

| | | |
|---|---|---|
| PATRICIA VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., d/b/a<br>THE HOME DEPOT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2025 LA 00000393 |

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, HOME DEPOT U.S.A., INC. by and through their attorneys, PARSKY & GALLOWAY, LLC, and pleads the following Affirmative Defenses without prejudice to its prior denials or statements.

1. At all times relevant as alleged in the Plaintiff's Complaint, Plaintiff PATRICIA VASQUEZ, owed a duty to himself to exercise ordinary care to avoid injury to herself.

2. Plaintiff, PATRICIA VASQUEZ, failed to exercise ordinary care in one or more of the following ways:

    a. Carelessly and negligently failed to keep a proper lookout;
    b. Carelessly and negligently failed to take reasonable evasive action;
    c. Carelessly and negligently failed to exercise ordinary care in the position she occupied at the time of the occurrence alleged in the Complaint; and
    d. Was otherwise careless and negligent.

3. The occurrence and injuries alleged in the Plaintiff's Complaint are a direct and proximate result of the aforesaid careless and negligent acts by the Plaintiff.

4. The negligence or fault of the person or entity other than the Defendant's constitutes an intervening or superseding cause of the Plaintiff's incident.

5. The Plaintiff failed to mitigate her damages.

6. The condition that was identified in the Plaintiff's Complaint was an open and obvious condition for which this Defendant has no duty.

7. Any amount of judgment for damages entered against Defendants in favor of Plaintiff shall be reduced by the percentage to which the Plaintiff's own negligence or fault contributed to such damages. If the Plaintiff's own negligence or fault contributing to said damages is determined to be in excess of 50%, then judgment is prayed for in favor of Defendants and against the Plaintiff.

8. If the negligence of any other party or potential parties was the proximate cause of the occurrence, then Defendants are entitled to a reduction of the damages awarded, if any, of the proportion of fault attributed to any other parties or potential defendants. Further, if Defendants are found to be liable in any amount less than 25% of the total fault attributed, and any other defendants that could have been named, then Defendants are severely liable for damages.

Respectfully submitted,

HOME DEPOT U.S.A., INC.

BY: *_/s/ Noel B. Haberek_*
Noel B. Haberek (ARDC #6203567)
One of Its Attorneys

PARSKY& GALLOWAY, LLC
120 North LaSalle Street,
Suite 3200
Chicago, Illinois 60602
Ph.: 312/551-2130
nbh@pg-lawoffice.com